### ELECTRIC GIN CO. et al. v. HOUSTON COUNTY OIL MILL & MFG. CO.
#### (No. 8058.)

(Court of Civil Appeals of Texas. Galveston. May 19, 1921.)

Sales ⚖➡418(1)—Attorney's fees not recoverable as element of damages in buyer's action for breach of contract.

Buyer, suing for breach of sales contract, could not recover, in the absence of a stipulation in the contract, his attorney's fees, as an element of the damage sustained; Vernon's Sayles' Ann. Civ. St. 1914, art. 2178, providing for recovery of attorney's fees as damages in certain cases having no application in such case.

Appeal from Houston County Court; Nat Patton, Judge.

Suit by the Houston County Oil Mill & Manufacturing Company against the Electric Gin Company, and others. Judgment for plaintiff, and defendants appeal. Reformed and affirmed.

Aldrich & Crook, of Crockett, for appellants.

John I. Moore, of Crockett, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against appellants, Electric Gin Company and J. R. Smith, to recover damages in the sum of $384.18 for the alleged failure of the appellants to comply with a contract made by them with appellee to deliver to it at Crockett, Houston county, Tex., a quantity of cotton seed sold by appellants to appellee, and for which appellee had paid them the agreed purchase price. .

The appellants presented in due course of pleading a plea of privilege to be sued in Jones county, where they have their residence. This plea was contested by appellee and upon a hearing of the contest the plea was overruled by the court. Thereafter the case was tried upon its merits, and judgment was rendered in favor of plaintiff for damages in the sum of $393.60, and for the further sum of $25 attorney's fees. It would serve no useful purpose to set out or discuss in detail the several assignments of error presented in appellants' brief. We have carefully considered each of the assignments, and in our opinion none of them should be sustained, except the assignment complaining of the judgment awarding the plaintiff $25 attorney's fees.

As before stated, this is a suit for damages for breach of contract. The contract itself does not stipulate that the defendants shall be liable for attorney's fees in event suit is brought and recovery had thereon, and under the well-settled rule of decisions attorney's fees are not generally an element of damage for breach of contract. Article 2178 of Vernon's Sayles' Civil Statutes, which provides for the recovery of attorney's fees as damages in certain cases, has no application to a case of this kind.

The judgment of the court below will be reformed, by deducting from the amount thereof the $25 awarded plaintiff as attorney's fees, and, as so reformed, will be affirmed; and it has been so ordered.

Reformed and affirmed.